UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FARMERS NEW CENTURY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 1:22-cv-01534-JRS-MJD<br>) |
| THE ESTATE OF PHILLIP E. BROWN, JR., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER ON MOTION FOR JOINDER AND REMAND**

This matter is before the Court on a motion filed by Defendant Ronald Harper entitled Motion for Joinder and Remand. [Dkt. 12.] The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. Background**

On April 28, 2022, Philip Brown and Defendant Ronald Harper were involved in an automobile accident in which Brown was killed and Harper was seriously injured. At the time of the accident, a personal automobile insurance policy issued to Brown by Plaintiff Farmers New Century Insurance Company ("Farmers") was in effect. On August 2, 2022, Farmers filed this case seeking declaratory judgment that it does not owe a duty to defend or indemnify Defendants The Estate of Philip E. Brown, Jr. ("the Estate") or Mideast Delivery Solutions, LLC, ("Mideast") in connection with any claims arising out of the accident. Farmers alleges that an

exclusion in the policy applies because Brown was allegedly working for Mideast delivering pharmaceuticals at the time of the accident. Farmers also named Harper and Bitco Corporation a/s/o County of Spencer as Defendants, although the Complaint fails to explain what relationship the latter has to this case. *See* [Dkt. 1].

On August 11, 2022, Harper filed suit in Spencer County Circuit Court against Mark Brown, Personal Representative of the Estate, alleging that Brown's negligence caused the accident. In addition to the Estate, Harper named Mideast as a Defendant under *respondeat superior* and other theories, alleging that Brown was driving in the scope of his employment at the time of the accident. Harper also named his own automobile insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), as a Defendant, seeking coverage under his policy's uninsured and underinsured motorist provisions. *See* [Dkt. 12-2].

## II. Discussion

There are so many problems with the instant motion it is difficult to know where to begin. The motion seeks to "remand" this case to Spencer County Circuit Court; however, the case was initially filed in this court, not removed, so there is no way to remand it anywhere. The need to "remand," the motion asserts, will be precipitated by the "joinder" of this case with the pending state court case, because said joinder will destroy complete diversity; however, the motion fails to explain why this would be the case. Nor does the motion explain how Farmers would be a proper defendant in the state court case or, if Harper believes it would be, why he did not include Farmers in that suit.[1]

---

[1] In his reply brief, Harper argues that "[t]he court should see this declaratory suit for what it is: a completely unnecessary action to make the injured party expend additional resources and potentially have two bites at the proverbial apple." [Dkt. 15 at 2]; *see also id.* at 3 ("There is no

2

Further, while the motion speaks in terms of "joining" and "consolidating" the two lawsuits, that is, obviously, impossible. The motion cites to Federal Rule of Civil Procedure 20(a)(2), which relates to joining defendants. In this case, the only party in the state court case that is not also a defendant in this case is State Farm, and, as the Plaintiff, only Farmers could add State Farm (or anyone else) as a defendant in this case pursuant to Rule 20(a)(2).[2] The motion does not explain what claim Farmers could assert against State Farm.

Farmers points out many of these issues in its response to the instant motion. Instead of acknowledging her missteps in her reply brief, Harper's counsel doubles down:

> Finally, we must address the argument that the injured party has not suggested an "appropriate" remedy. While it was suggested that the court may consider joinder which does not destroy diversity or remand, there is obviously a third option, dismissal without prejudice. Since the parties are within the statutory period this would function essentially the same as remand. To suggest that this appropriate remedy cannot be granted because the injured party did not explicitly mention it is ridiculous. The court should be wary of this argument.

[Dkt. 15 at 3.] Actually, the Court is wary of counsel who expect the Court to make up for woefully inadequate legal arguments by examining the propriety of relief that was not even alluded to by counsel's arguments. *See Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) ("It is not this court's responsibility to research and construct the parties' arguments.").[3]

---

reason to cleave the tort and coverage cases other than to create extra work for the injured party and to give Farmers two bites at the apple."). This argument wholly ignores the fact that Farmers **is not a party** to the state law case; accordingly, its apple-biting opportunity under the status quo is singular.

[2] Harper does not argue that State Farm is a party "required to be joined if feasible" pursuant to Federal Rule of Civil Procedure 19.

[3] Harper's reference to dismissal without prejudice is in response to Farmers' acknowledgement in its brief that a district court has discretion to dismiss or stay a declaratory judgment action in favor of a parallel state court action under certain circumstances. Harper did not invoke this doctrine in any way in his opening brief.

3

The motion also asks the Court "to join crossclaims against Defendant the Estate of Phillip E. Brown, Jr., Defendant Mideast Delivery Solutions, LLC, and third-party Defendant State Farm Automobile Insurance Company." [Dkt. 12 at 1.] If Harper believes his claims against the Estate and Mideast are properly brought as crossclaims in this case, and if Harper wishes to litigate those claims in this case, the proper course of action would be to assert the crossclaims in his answer. The Court cannot "join" those claims for him; frankly, the Court does not know what Harper means by that request.[4] And, Harper's belief to the contrary notwithstanding, asserting those claims would not affect the Court's subject matter jurisdiction, because "'[i]t generally has been held that persons brought into an action under Rule 13(h) as parties to either a compulsory counterclaim under Rule 13(a) or a cross-claim under Rule 13(g) will come under the ancillary (now supplemental) subject-matter jurisdiction of the court.'" *Norfolk S. Ry. Co. v. Smock, Inc.*, 338 F.R.D. 500, 504 (N.D. Ind. 2020) (quoting Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1436 (3d ed. 2020) and citing *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 n.17 (5th Cir. 2004), and *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 854 (N.D. Ill. 1990)).

The Court expresses no opinion as to whether such claims would, in fact, be proper crossclaims in this case. *See, e.g., Bar Plan Mut. Ins. Co. v. Moyer L. Firm, P.C.*, 2020 WL 8665841, at *2 (S.D. Ind. Feb. 24, 2020) (noting that "[a] crossclaim is proper under Rule 13(g) where it is factually intertwined with the action for a declaratory judgment of no coverage" . . .

---

[4] The Court notes that a crossclaim could not be asserted against State Farm, because State Farm is not a party to this case. *See* Federal Rule of Civil Procedure 13(g) (defining crossclaim as a "claim by one party against a coparty"). However, if Harper believes State Farm would be an appropriate defendant to his crossclaims, he could file a motion to join State Farm pursuant to Federal Rule of Civil Procedure 20 after asserting the crossclaims.

"[b]ut where the crossclaim is not intertwined with the action for declaratory judgment, the crossclaim is improper under Rule 13(g)") (citations omitted). The point is that Harper's counsel has filed an unsupported motion that asks the Court for relief that is procedurally impossible, instead of properly analyzing the applicable rules and law. The filing of a motion and reply so entirely bereft of merit is, frankly, sanctionable conduct. Ms. Astorino is admonished that any further unsupported filings in the future may subject her to sanctions pursuant to 28 U.S.C. § 1927.

    SO ORDERED.

Dated: 23 SEP 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.