UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FARMERS NEW CENTURY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:22-cv-1534-JRS-MJD ) |
| THE ESTATE OF PHILLIP E. BROWN, JR., MIDEAST DELIVERY SOLUTIONS LLC, RONALD HARPER, and BITCO GENERAL INSURANCE CORPORATION A/S/O COUNTY OF SPENCER, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**Order on Motion for Reconsideration or Certification**

This is an insurance coverage dispute.  Plaintiff Farmers New Century Insurance Company ("Farmers") sued the estate of Phillip E. Brown, who was insured under a policy from Farmers; Mideast Delivery Solutions LLC ("Mideast"); Ronald Harper; and Bitco General Insurance Corporation as subrogee of Spencer County, Indiana ("Bitco").  The Court denied summary judgment for Farmers in February.  (ECF No. 69.)  Farmers now seeks reconsideration of that order, or, alternatively, certification for interlocutory appeal and a stay pending appeal.  (ECF No. 73.)  Plaintiff's Motion for Reconsideration or Certification is **denied**.

## I. Reconsideration

### A. Legal Standard

A district court has the discretion to reconsider its interlocutory orders under Federal Rule of Civil Procedure 54(b). *See Selective Ins. Co. of South Carolina v. City of Paris*, 769 F.3d 501, 505 (7th Cir. 2014). Reconsideration is appropriate in "rare" cases where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A "manifest error" warranting reconsideration is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation omitted).

### B. Discussion

Farmers argues that the Court misapplied the law and "fail[ed] to recognize controlling precedent" in finding that Harper had designated sufficient evidence to "refute[] Mideast's deposition testimony, or create[] a competing inference regarding the nature of Brown's travel." (Mot. Reconsideration 8, ECF No. 73.) Farmers argues that to deny its motion "would be contrary to Seventh Circuit precedent regarding a non-movant's burden to present some evidence that rebuts the moving party's presumption." (*Id.* at 6.) To support its position, Farmers cites *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In *Springer*, the Seventh Circuit

affirmed a grant of summary judgment in a case where the plaintiffs "interpreted a handful of normal events to be adverse, retaliatory acts" by the defendants with nothing more than a "collective hunch" to support their position. *Id.* at 480, 484. Dispensing with the arguments of the plaintiffs—the non-movants in that case—the court wrote, "when challenges to witness' credibility are all that a [non-movant] relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the [movant] is proper." *Id.* at 484 (citing *Sugan v. Smerwick Sewage Co.*, 142 F.3d 398, 406 (7th Cir. 1998)).

Farmers argues that the deposition testimony of Tyler Schoettmer, Mideast's 30(b)(6) representative, is sufficient to support a grant of summary judgment in its favor. (Mot. Reconsideration 7, 11, ECF No. 73.) "Specifically, Mideast directly answered that yes, Brown was driving delivering healthcare products on April 28, 2022." (*Id.* at 7.) However, Schoettmer clarified that this answer was "[t]o the best of [his] knowledge" based on the facts of the case rather than based on internal documentation. (Schoettmer Dep. 20, ECF No. 64-2.) Schoettmer testified that Mideast did not "have any information or documentation showing that Mr. Brown was on route to a delivery at the time of the accident." (*Id.* at 33.) The purpose of a 30(b)(6) deposition is to determine facts that are known to a corporation. Despite Farmers' suggestion otherwise, Schoettmer's deposition shows that it was not definitively known to Mideast that Brown was working at the time of the accident.

Harper demonstrated a factual dispute based on more than a "hunch." *Springer*, 518 F.3d at 484. As Farmers acknowledges, "the only person who can definitively say

that Brown was in the process of delivering pharmaceuticals for Mideast at the time of the collision is Brown." (Mot. Reconsideration 7, ECF No. 73.)  However, Harper identified parts of the record that are sufficient to establish that Farmers' evidence is not "so one-sided as to rule out the prospect of a finding in favor of" Defendants. *Hotel 71 Mezz Lender LLC v. National Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015).  He pointed to Mark Brown's testimony that Brown's estate was not paid for any delivery on April 28 and the lack of documentation from Mideast, noting that the lack of documentation for the day of the accident is significant because Mideast was able to produce documentation for the surrounding days. (Def.'s Opp. Mot. Summ. J. 4–5, ECF No. 67.)  These are the kinds of "independent facts" that a court looks for in determining whether a factual dispute exists. *Springer*, 518 F.3d at 484.  Harper did not rely only on attacking the credibility of Mideast's 30(b)(6) witness.  Other than what was presented, it is unclear what kinds of evidence Farmers expects Harper to produce to establish that Brown was not delivering for Mideast.

The Court found that based on the evidence presented by Farmers, a jury could conclude that Brown was delivering for Mideast.  However, this does not establish that there is no genuine issue of fact, which is the appropriate standard for summary judgment.  "Where . . . the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must . . . demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant." *Hotel 71*, 778 F.3d at 601.  Farmers did not carry this burden.  The evidence—on both sides—is inconclusive, and the Court cannot say that no rational trier of fact could find for

4

Defendants. The evidence presented hinges on credibility; "it is for a jury . . . to weigh all the evidence and choose between competing inferences." *Taylor v. City of Milford*, 10 F.4th 800, 809 (7th Cir. 2021) (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 770 (7th Cir. 2005)). Finally, "[a]ny doubt as to the existence of a genuine issue for trial is resolved against the moving party." *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The law supports the Court's Order. Farmers' Motion for Reconsideration is denied.

## II. Certification for Interlocutory Appeal

Under 28 U.S.C. § 1292(b), the Seventh Circuit can hear appeal of an interlocutory order if the district court certifies the order for such appeal. There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).

Farmers argues that there is a controlling question of law here because the Court "presented a question of differing legal interpretation related to both the movant and the non-movant's evidentiary burden" on summary judgment. (Mot. Reconsideration 10–11, ECF No. 73.) The Court did not interpret the summary judgment standard any differently than the Seventh Circuit in its controlling precedent. Farmers disagrees about how that standard applies to this case and essentially seeks to have

5

the Seventh Circuit decide whether Farmers met its burden on summary judgment. This is not an appropriate question for an interlocutory appeal. Farmers' request for certification is denied.

### III. Request for Final Order

Farmers additionally asks that the Court issue a final order on one particular point: if the facts favor Farmers, Brown's insurance policy does not cover the accident. (Mot. Reconsider 9–10, ECF No. 73.) Farmers' request may be characterized as one pursuant to Federal Rule of Civil Procedure 54(b). (Def.'s Opp. Mot. Reconsideration 2, ECF No. 74.) Under Rule 54(b), the court may enter judgment "when it has resolved all claims concerning a party, or has wrapped up a single claim with respect to all parties." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990). A claim is distinct, if, "but for the joinder options in the Rules of Civil Procedure, [it] would be a standalone lawsuit." *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). Issuing final judgment under Rule 54(b) is to be done sparingly to prevent unnecessary interlocutory appeals. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 5 (1980).

Rule 54(b) speaks only of claims, not of individual issues that comprise a claim. *See Horn*, 898 F.2d at 593. Farmers brought one claim against Defendants, seeking a declaration that it has no duty to defend or indemnify Brown or Mideast in connection with the April 2022 accident. (*See* Am. Compl., ECF No. 41.) That claim remains unresolved. The Court sees no reason to enter final judgment on a single issue at this time. And, as Harper points out, Farmers cites no law supporting the

notion that the Court can or should issue such an order, (Def.'s Opp. Mot. Reconsideration 2, ECF No. 74), and Farmers does not remedy this in its Reply, (ECF No. 75). If there is no question about this, as Farmers argues, the Parties may streamline trial through stipulations. The Court will not issue any final order at this time.

## IV. Conclusion

The record shows that whether Brown was delivering for Mideast at the time of the accident is still in question. This is a question for the jury; the Court did not misapply or fail to follow the law in denying summary judgment. The Motion for Reconsideration or Certification, (ECF No. 73), is **denied**.

**SO ORDERED.**

Date: 04/03/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.